UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SYED NASIR,

                    Plaintiff,

-against-

NY LIMITS PETROLEUM INC.,
OMER K. IFTIKHAR,
AURAD A. IFTIKHAR, and
AASHAR IFTIKHAR,

                    Defendants.

Case No.:

**COMPLAINT**

Plaintiff SYED NASIR ("Plaintiff"), by and through his attorneys, complaining of Defendants NY LIMITS PETROLEUM INC., OMER K. IFTIKHAR, AURAD A. IFTIKHAR, and AASHAR IFTIKHAR (collectively, "Defendants"), alleges upon personal knowledge as to himself and upon information and belief as to all other matters:

1. **NATURE OF THE ACTION**

1.       This action arises from Defendants' failure to pay Plaintiff lawful minimum wages and overtime compensation and from Defendants' retaliation against Plaintiff after he complained about and demanded payment of wages owed to him.

2.       Plaintiff further alleges that Defendants subjected him to threats, intimidation, discriminatory and abusive conduct, and physical violence during and in connection with his employment.

3.       Plaintiff brings claims under the Fair Labor Standards Act (FLSA), 42 U.S.C. § 1981, the New York Labor Law (NYLL), the New York State Human Rights Law, and related New York statutory and common-law causes of action, including assault and battery, and seeks all relief available by law.

1

## 2. **JURISDICTION AND VENUE**

4.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims arising under federal law, including the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and 42 U.S.C. § 1981.

5.      This Court has supplemental jurisdiction over Plaintiff's related New York statutory and common-law claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred within this District.

## 3. **PARTIES**

7.      Plaintiff SYED NASIR is an individual who worked for Defendants within the Eastern District of New York.

8.      Defendant NY LIMITS PETROLEUM INC. is a New York corporation that operated the gasoline station and convenience store where Plaintiff worked.

9.      Defendant OMER K. IFTIKHAR exercised operational control over Plaintiff's employment, including authority concerning Plaintiff's work, compensation, and continued employment.

10.      Defendant AURAD A. IFTIKHAR exercised operational control over Plaintiff's employment, including authority concerning Plaintiff's work, compensation, and continued employment.

11.      Defendant AASHAR IFTIKHAR exercised supervisory and operational control over Plaintiff's work and conditions of employment, including by directing Plaintiff's work and collecting business receipts from the workplace.

2

12.     At all relevant times, the individual Defendants acted directly or indirectly in the interest of Plaintiff's employer and were employers within the meaning of the FLSA, New York Labor Law and New York Human Rights Law.

## 4. <u>FACTUAL ALLEGATIONS</u>

13.     Plaintiff worked for Defendants during periods beginning in or about December 2024 through August 11, 2025, at a gasoline station and convenience store located at 519 Middle Country Road, Coram, New York.

14.     Plaintiff performed non-exempt work for Defendants, including operating the cash register, pumping gasoline, cleaning the premises, and performing errands and other tasks at Defendants' direction.

15.     Defendants Omer Iftikhar and Aurad Iftikhar exercised substantial control over Plaintiff's employment, including his compensation, work assignments, and continued employment. They hired and paid Plaintiff and possessed authority to terminate his employment.

16.     Defendant Aashar Iftikhar also exercised supervisory and operational authority at the workplace, including by directing Plaintiff's work and collecting business receipts from the gasoline station.

17.     Defendant NY Limits Petroleum Inc. operated the gasoline station and convenience store at which Plaintiff worked and paid Plaintiff wages, including by issuing Plaintiff a check for wages during his final period of employment.

18.     The gasoline station and convenience store was open to the public and sold gasoline, cigarettes, food, beverages, and other merchandise. In the course of his regular duties, Plaintiff handled and sold such products and regularly processed customers' credit and debit card transactions.

19.	Plaintiff is of Pakistani national origin and ancestry, and Defendants were aware of Plaintiff's background.

20.	Upon information and belief, NY Limits Petroleum Inc. was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, had annual gross volume of sales made or business done of not less than $500,000, and had employees who handled, sold, or otherwise worked on goods or materials that had moved in interstate commerce.

21.	Plaintiff frequently worked more than forty hours in a workweek. His shifts often lasted approximately twelve hours, and he frequently worked approximately six days per week and, at times, seven days per week.

22.	Defendants initially compensated Plaintiff at approximately $12 per hour. Thereafter, Defendants generally compensated Plaintiff at a flat rate of approximately $100 per day, or less, regardless of the number of hours he worked.

23.	Plaintiff was paid primarily in cash and was not paid an overtime premium for hours worked in excess of forty in a workweek.

24.	By way of example, in a workweek during the first month of work, Plaintiff worked seven days per week for twelve (12) hours per day and was not paid overtime or spread of hours at a lawful rate.

25.	In or about January 2025, Plaintiff complained to Defendant Aurad Iftikhar that he was not receiving the wages he was supposed to receive. In responding to Plaintiff's complaint, Aurad stated in substance that Defendants would not or could not pay Plaintiff the full minimum wage.

26.	While Plaintiff was at work, Aurad subjected Plaintiff to threatening and intimidating conduct involving a handgun, including pointing the handgun at Plaintiff.

4

27.    In or about March 2025, Plaintiff again complained to Aurad concerning his wages. Aurad told Plaintiff in substance not to continue bothering him about the issue.

28.    Starting on or about March 2025, Plaintiff did not work for Defendants for a period of time.

29.    In or about August 2025, after speaking with Defendant Omer Iftikhar, Plaintiff resumed working for Defendants at the Coram gasoline station.

30.    During this final period of employment, Plaintiff continued to work substantial hours and continued to seek payment of wages Defendants owed him.

31.    On or about August 8, 2025, Omer intentionally stomped on Plaintiff's foot.

32.    On or about August 11, 2025, Plaintiff again sought payment of his wages from Omer, including by communicating with Omer.

33.    Thereafter, at the workplace, Omer threatened Plaintiff with physical harm, repeatedly directed the N-word at Plaintiff, and intentionally struck Plaintiff in the chest.

34.    Plaintiff reported the August 11, 2025 incident to law enforcement and sought medical treatment.

35.    Defendants paid Plaintiff approximately $600 for his final period of work by a check issued by NY Limits Petroleum Inc., which Plaintiff contends did not constitute full payment of the wages and overtime compensation owed to him.

36.    Plaintiff did not work for Defendants after August 11, 2025.

37.    As a result of Defendants' conduct, Plaintiff suffered unpaid wages and other economic and non-economic damages.

38.    Defendants did not provide Plaintiff with a written wage notice stating his rate and basis of pay, overtime rate, and the other information required by the NYLL.

5

39.     Defendants also failed to provide Plaintiff with wage statements reflecting, among other things, the hours for which he was being paid, his regular and overtime rates, and the manner in which his wages were calculated.

40.     Defendants paid Plaintiff primarily in cash and changed his compensation from an hourly rate to a flat daily rate. In the absence of the required wage notice and wage statements, Plaintiff lacked employer-generated records against which to compare his own records of hours worked and the payments he received.

41.     As a result, Plaintiff was impaired in making an even more precise and timely demand for payment. Had Defendants provided accurate wage notices and statements, Plaintiff could have used that information to identify the deficiencies in his compensation and seek payment sooner.

42.     Defendants' failure to provide the required notices and statements thereby caused Plaintiff to remain deprived of wages owed to him for longer than he otherwise would have been.

## 5.  CAUSES OF ACTION

### 5.1.  Fair Labor Standards Act — Unpaid Overtime Compensation 29 U.S.C. §§ 207(a)(1) and 216(b)

43.     Plaintiff repeats and realleges the foregoing allegations as though fully set forth herein.

44.     Plaintiff was a non-exempt employee covered by the FLSA, and Defendants were Plaintiff's employers within the meaning of the FLSA.

45.     Defendants employed Plaintiff for more than forty hours in one or more workweeks without paying him one and one-half times his regular rate for hours worked over forty.

46.     Defendants thereby violated 29 U.S.C. § 207 and are liable to Plaintiff for unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and all other relief available under 29 U.S.C. § 216(b).

**5.2.  <u>Fair Labor Standards Act — Retaliation 29 U.S.C. §§ 215(a)(3) and 216(b)</u>**

47.      Plaintiff repeats and realleges the foregoing allegations as though fully set forth herein.

48.      Plaintiff engaged in protected activity by complaining to Defendants that he was being underpaid for the hours he worked and was not receiving the lawful wages to which he was entitled.

49.      Defendants knew of Plaintiff's complaints. Thereafter, Aurad subjected Plaintiff to threatening conduct involving a firearm, and Omer later threatened and physically struck Plaintiff in connection with Plaintiff's renewed demand for his wages.

50.      Defendants took such adverse actions because of Plaintiff's protected wage complaints and thereby violated 29 U.S.C. § 215(a)(3).

51.      Plaintiff is entitled to all legal and equitable relief available under 29 U.S.C. § 216(b).

**5.3.  <u>42 U.S.C. § 1981 — Race/Ancestry Discrimination and Hostile Work Environment</u>**

52.      Plaintiff repeats and realleges the foregoing allegations as though fully set forth herein.

53.      Plaintiff's employment relationship constituted a contractual relationship protected by 42 U.S.C. § 1981.

54.      Omer intentionally subjected Plaintiff to racially and ancestrally derogatory treatment, including racial epithets, threats, degrading conduct, and physical violence because of Plaintiff's race and/or ethnic or ancestral characteristics.

55.      Such conduct interfered with Plaintiff's enjoyment of the benefits, privileges, terms, and conditions of his employment relationship and subjected him to a hostile work environment.

56.      Plaintiff's race and/or ethnic or ancestral characteristics were a but-for cause of the discriminatory treatment alleged herein.

57. Plaintiff is entitled to compensatory and punitive damages, attorneys' fees, costs, and all other relief available under 42 U.S.C. §§ 1981 and 1988.

### 5.4. New York State Human Rights Law — Discrimination and Harassment N.Y. Executive Law § 296(1)

58. Plaintiff repeats and realleges the foregoing allegations as though fully set forth herein.

59. Because of Plaintiff's race, color, national origin, and/or ethnic or ancestral background, Defendants subjected Plaintiff to discriminatory and harassing treatment and to inferior terms, conditions, and privileges of employment.

60. The conduct alleged herein exceeded petty slights and trivial inconveniences and constituted unlawful discrimination and harassment under the NYSHRL.

61. Plaintiff is entitled to all damages and other relief available under the NYSHRL.

### 5.5. NYSHRL — Aiding and Abetting Discrimination and Harassment N.Y. Executive Law § 296(6)

62. Plaintiff repeats and realleges the foregoing allegations as though fully set forth herein.

63. The Individual Defendants actually participated in, aided, abetted, incited, compelled, and/or coerced the discriminatory and harassing conduct alleged herein.

64. The Individual Defendants are therefore liable pursuant to N.Y. Executive Law § 296(6).

65. Plaintiff is entitled to all damages and other relief available under the NYSHRL.

### 5.6. New York Civil Rights Law § 79-n — Bias-Related Violence or Intimidation

66. Plaintiff repeats and realleges the foregoing allegations as though fully set forth herein.

67.     Omer intentionally selected Plaintiff for harm, intimidation, and physical injury, in part because of a belief or perception concerning Plaintiff's race, color, national origin, and/or ancestry.

68.     Omer's use of a racial epithet contemporaneously with his threats and physical violence is evidence of such discriminatory motivation.

69.     Omer thereby violated N.Y. Civil Rights Law § 79-n, and Plaintiff is entitled to damages, attorneys' fees, and all other relief available thereunder.

**5.7.  New York Labor Law — Failure to Pay Minimum Wages N.Y. Labor Law §§ 652 and 663**

70.     Plaintiff repeats and realleges the foregoing allegations as though fully set forth herein.

71.     Defendants were Plaintiff's employers and were required to pay Plaintiff at least the applicable New York minimum wage for every hour worked.

72.     Defendants paid Plaintiff less than the applicable minimum wage during one or more workweeks.

73.     Plaintiff is entitled to recover his minimum-wage underpayments, liquidated damages, prejudgment interest, attorneys' fees, costs, and all other relief available under the NYLL.

**5.8.  New York Labor Law — Failure to Pay Overtime Compensation N.Y. Labor Law §§ 650 et seq. and 663; 12 N.Y.C.R.R. § 142-2.2**

74.     Plaintiff repeats and realleges the foregoing allegations as though fully set forth herein.

75.     Plaintiff was a non-exempt employee who worked more than forty hours during one or more workweeks.

76.     Defendants failed to pay Plaintiff overtime compensation at one and one-half times his regular rate for hours worked over forty.

9

77.    Plaintiff is entitled to unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees, costs, and all other relief available under the NYLL.

**5.9.  New York Labor Law — Spread-of-Hours Compensation 12 N.Y.C.R.R. § 142-2.4**

78.    Plaintiff repeats and realleges the foregoing allegations as though fully set forth herein.

79.    On numerous workdays, the spread between the beginning and end of Plaintiff's workday exceeded ten hours.

80.    Defendants failed to pay Plaintiff the additional hour of compensation required at the applicable basic minimum hourly wage rate for such days.

81.    Plaintiff is entitled to unpaid spread-of-hours compensation and all other relief available under the NYLL.

**5.10.      New York Labor Law § 215 — Retaliation**

82.    Plaintiff repeats and realleges the foregoing allegations as though fully set forth herein.

83.    Plaintiff repeatedly complained, reasonably and in good faith, that Defendants were violating the New York Labor Law by failing to pay him lawful wages.

84.    Defendants knew of Plaintiff's complaints and thereafter threatened, intimidated, penalized, and retaliated against Plaintiff, including through the conduct alleged above involving Aurad and Omer.

85.    Defendants' conduct violated N.Y. Labor Law § 215.

86.    Plaintiff is entitled to all damages, liquidated damages, attorneys' fees, costs, and other relief available under N.Y. Labor Law § 215.

**5.11. New York Labor Law § 740 — Whistleblower Retaliation**

87.	Plaintiff repeats and realleges the foregoing allegations as though fully set forth herein.

88.	Plaintiff disclosed and objected to Defendants' underpayment and withholding of wages, which Plaintiff reasonably believed violated federal and New York law.

89.	Plaintiff made such complaints to Defendants' supervisors and afforded Defendants a reasonable opportunity to correct the complained-of practices.

90.	Defendants thereafter subjected Plaintiff to threats, intimidation, and other retaliatory actions because of Plaintiff's disclosures and objections.

91.	Defendants thereby violated N.Y. Labor Law § 740, and Plaintiff is entitled to all relief available under § 740(5), including damages, attorneys' fees, and punitive damages where permitted.

**5.12.	New York Labor Law — Unpaid and Withheld Wages N.Y. Labor Law §§ 193 and 198**

92.	Plaintiff repeats and realleges the foregoing allegations as though fully set forth herein.

93.	Separate and apart from Plaintiff's statutory minimum-wage and overtime claims, and to the extent applicable, Defendants failed to pay Plaintiff all agreed and earned straight-time wages for work he performed.

94.	Defendants' failure to pay such earned wages was unauthorized and violated N.Y. Labor Law § 193.

95.	Plaintiff is entitled to recover all unpaid wages, liquidated damages, prejudgment interest, attorneys' fees, costs, and other relief available under N.Y. Labor Law § 198.

**5.13.**     <u>NYLL/Wage Theft Prevention Act — Failure to Provide Wage Notice N.Y. Labor Law §§ 195(1) and 198(1-b)</u>

96.     Plaintiff repeats and realleges the foregoing allegations as though fully set forth herein.

97.     Defendants failed to provide Plaintiff, at the time of hiring, with the written wage notice required by N.Y. Labor Law § 195(1).

98.     As alleged above, the absence of the required notice impaired Plaintiff's ability to identify and timely seek correction of Defendants' wage underpayments and caused Plaintiff to remain deprived of wages owed to him for longer than he otherwise would have been.

99.     Plaintiff therefore suffered concrete injury caused by Defendants' violation and is entitled to the relief available under N.Y. Labor Law § 198(1-b).

**5.14.**     <u>NYLL/Wage Theft Prevention Act — Failure to Furnish Wage Statements N.Y. Labor Law §§ 195(3) and 198(1-d)</u>

100.     Plaintiff repeats and realleges the foregoing allegations as though fully set forth herein.

101.     Defendants failed to furnish Plaintiff with wage statements containing the information required by N.Y. Labor Law § 195(3), including his hours worked, rates of pay, overtime hours and rates, and gross and net wages.

102.     As alleged above, the absence of such statements prevented Plaintiff from comparing Defendants' calculation of his compensation with his own records, impaired his ability to identify and timely demand the precise wage deficiencies owed to him, and caused Plaintiff to remain deprived of those wages for longer than he otherwise would have been.

103.     Plaintiff therefore suffered concrete injury caused by Defendants' violation and is entitled to the relief available under N.Y. Labor Law § 198(1-d).

### 5.15.  Common-Law Assault

104.  Plaintiff repeats and realleges the foregoing allegations as though fully set forth herein.

105.  In or about January 2025, Defendant Aurad A. Iftikhar intentionally pointed a handgun at Plaintiff and engaged in threatening conduct that placed Plaintiff in reasonable apprehension of imminent harmful or offensive physical contact.

106.  Aurad's conduct was intentional, unauthorized, and without Plaintiff's consent or lawful justification.

107.  As a direct and proximate result of Aurad's conduct, Plaintiff suffered fear, emotional distress, and other damages in an amount to be determined at trial.

108.  On or about August 11, 2025, Omer intentionally threatened Plaintiff with immediate physical harm and engaged in conduct that placed Plaintiff in reasonable apprehension of imminent harmful or offensive physical contact.

109.  Omer's conduct was intentional, unauthorized, and without Plaintiff's consent or lawful justification.

110.  As a direct and proximate result, Plaintiff sustained damages in an amount to be determined at trial.

### 5.16.  Common-Law Battery

111.  Plaintiff repeats and realleges the foregoing allegations as though fully set forth herein.

112.  In or about August 2025, Omer intentionally subjected Plaintiff to harmful and offensive physical contact, including by intentionally stomping on Plaintiff's foot and, on or about August 11, 2025, striking Plaintiff in the chest.

13

113. Omer's conduct was intentional, unauthorized, and without Plaintiff's consent or lawful justification.

114. As a direct and proximate result, Plaintiff sustained physical, emotional, and other damages in an amount to be determined at trial.

115. On or about August 11, 2025, Omer intentionally and without Plaintiff's consent struck Plaintiff in the chest, thereby causing harmful and offensive physical contact.

116. Omer's conduct was intentional, unauthorized, and without lawful justification.

117. As a direct and proximate result, Plaintiff sustained physical, emotional, and other damages in an amount to be determined at trial.

## 6. **CONCLUSION**

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants, and an award of:

A. Unpaid wages, overtime compensation, spread-of-hours compensation, and other amounts due under the FLSA and NYLL;

B. Liquidated, statutory, compensatory, and punitive damages to the extent permitted by law;

C. Damages for retaliation, discrimination, harassment, assault, battery, physical injury, emotional distress, and other resulting harm;

D. Prejudgment and post-judgment interest;

E. Reasonable attorneys' fees and costs; and

F. Such other and further relief as the Court deems just and proper

## 7. **JURY DEMAND**

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: August 7, 2026                              Respectfully submitted,
        Astoria, New York

                                     */s/ Clifford Tucker*
                                     Clifford Tucker, Esq.
                                     Sacco & Fillas LLP
                                     31-19 Newtown Ave., 7th Floor
                                     Astoria, New York 11102
                                     718-269-2243
                                     CTucker@SaccoFillas.com

## CONSENT TO JOIN ACTION

## REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under each and every federal and state wage and hour law, rule and regulation which may include but is not limited to the federal Fair Labor Standards Act, New York Labor Law, New Jersey Wage and Hour Law, and any other applicable law, rule, regulation, and wage order. If I am not a named Plaintiff(s), I authorized the named Plaintiffs to make all decisions involving this litigation and settle this action on behalf. I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Name: **Syed Turab Bin Nasir**

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature: Syed Nasir (Jul 1, 2026 15:35:13 EDT)       Date: **7/01/2026**